IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANTHONY MELVIN NEWSOME**                                                       **PLAINTIFF**

**v.**                                   **No. 4:11CV131-A-A**

**BOSWELL PHARMACY, ET AL.**                                               **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Anthony Melvin Newsome, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Newsome claims that the defendants: (1) denied him adequate medical care regarding pain in his ear, and (2) denied his access to the courts by interfering with the Mississippi Department of Corrections grievance process and failing to mail a motion for temporary restraining order or preliminary injunction and other documents to the court. The defendants seek summary judgment on Newsome's claim for denial of access to the courts. Newsome has responded to the motion, and the matter is ripe for review.

The United States Magistrate Judge has recommended dismissal of Newsome's claim for denial of medical care, and the court will adopt the Report and Recommendation below. In addition, the court will grant the defendant's motion for summary judgment as to the claim for denial of access to the court. As these were Newsome's only claims, the case will be dismissed in its entirety for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl,* 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); see *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not

"assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

Anthony Melvin Newsome is the *pro se* prisoner plaintiff in this case who was housed at the East Mississippi Correctional Facility during the events set forth below. He alleges that on various occasions, the defendant Shelley Tew prevented him from proceeding through the prison grievance process, stopped various letters and pleadings he attempted to send to the court, refused to provide him with legal and postal materials, and prevented his motion for a temporary restraining order or preliminary injunction from reaching the court.

## Denial of Access to the Courts

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998);

---

[1] Though the defendant Shelley Tew disputes the fact that she took any action to deny the plaintiff access to the courts, the court will, as it must on summary judgment review, construe the facts in the light most favorable to the non-moving party – Anthony Newsome, the plaintiff in this case.

Case: 4:11-cv-00131-SA-SAA Doc #: 85 Filed: 01/08/14 4 of 5 PageID #: 1278

*Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

In this case, Newsome alleges that Shelley Tew took various actions tending to thwart his efforts to complete the grievance process as to his claims of denial of medical care. Despite these actions, however, Newsome was able to complete the grievance process and submit all of his claims in a complaint filed with this court, as well as the motion for temporary restraining order or preliminary injunction. The court has already denied the motion for a temporary restraining order or preliminary injunction. As Newsome has suffered no harm to any of his legal positions, his claim for denial of access to the courts must be dismissed for failure to state a constitutional claim.

**Denial of Adequate Medical Care**

The court has considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation – and finds that the plaintiff's objections are without merit and that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court. As such, (1) The plaintiff's objections to the Magistrate Judge's Report and Recommendation are overruled, (2) The Report and Recommendation of the United States Magistrate Judge is approved and adopted as the opinion of the court; and (3) The plaintiff's claims regarding denial of adequate medical is dismissed for failure to state a claim upon which relief could be granted.

- 4 -

- 5 -

## Conclusion

In sum, all of the plaintiff's claims are without merit, and judgment in this case will be entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of January, 2014.

               /s/ Sharion Aycock
               **U. S. DISTRICT JUDGE**